# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA for   )
the Use and Benefit of ICON   )
CONSTRUCTION, INC., a Texas   )
Corporation,   )
                         )
        Plaintiff,   )
                         )
-vs-   )     Case No. CIV-19-204-F
                         )
UNITED EXCEL CORPORATION   )
and ARCH INSURANCE   )
COMPANY,   )
                         )
        Defendants.   )

## ORDER

Before the court is Defendant United Excel Corporation's Motion to Dismiss, filed August 13, 2020.  Doc. no. 8.  Plaintiff, Icon Construction, Inc., has responded to the motion and defendant has replied.  Doc. nos. 9 and 10.  Upon due consideration of the parties' submissions, the court makes its determination.

Plaintiff, Icon Construction, Inc., commenced this action on March 1, 2019, seeking payment from defendant, United Excel Corporation, as principal, and Arch Insurance Company, as surety, under a payment bond issued in relation to a federal construction project on Vance Air Force Base in Enid, Oklahoma.  The action was filed pursuant to the Miller Act, 42 U.S.C. § 3131, *et seq*.  In response to plaintiff's complaint, defendant, United Excel Corporation, moved the court for an order to stay the lawsuit and compel the parties to submit their dispute to binding arbitration. Defendant also sought an award of attorney's fees.  Plaintiff did not file any opposition to defendant's motion.  On April 24, 2019, the court granted defendant's

motion to the extent that the court ordered the parties' dispute to arbitration and stayed the action pending completion of the arbitration.  For statistical purposes, the court directed the court clerk to administratively close the action in her records pending completion of the arbitration proceeding.  Also, the court directed the parties to notify the court within 30 days of resolution of the arbitration proceeding so that the court may take such further action as a may be necessary.[1]

Defendant now moves the court, pursuant to Rule 41(b), Fed. R. Civ. P., to dismiss plaintiff's complaint with prejudice for failure of plaintiff to comply with the court's order requiring arbitration of the parties' dispute.    According to defendant, it commenced arbitration with the American Arbitration Association on April 30, 2019, and due to plaintiff's failure and refusal to participate in the arbitration, despite multiple opportunities to do so, the American Arbitration Association discontinued further administration of the arbitration on May 12, 2020. Defendant points out in its papers that it paid $6,200 in arbitration fees, which cannot be refunded.  It also points out that it has been forced to defend multiple lawsuits in multiple venues because of plaintiff's failure and refusal to arbitrate pursuant to the parties' contract.

Plaintiff responds that it assigned its Miller Act claims to Insight Financial, LLC ("Insight") on February 26, 2019, which was approved by the bankruptcy court overseeing its Chapter 11 bankruptcy proceeding on April 9, 2019.[2]  According to plaintiff, it could not proceed forward with the arbitration of the Miller Act claims in light of the assignment.  It also states that Insight declined to prosecute the Miller

---

[1] At the time of the court's order, defendant, Arch Insurance Company, had not been served with plaintiff's complaint.

[2] Plaintiff filed a Chapter 11 voluntary petition in the United States Bankruptcy Court for the Eastern District of Texas on February 1, 2019.

Act claims assigned to it.  Plaintiff states that it has now re-acquired the Miller Act claims from Insight and represents that it is ready, willing and able to proceed with the arbitration.  In addition, plaintiff represents that defendant is a party to an action filed by Insight in the United States District Court for the Eastern District of Texas, where the same or similar issues are being litigated.[3]  Plaintiff asserts that no arbitration was ordered in that case[4] and that a dismissal with prejudice of this case under Rule 41(b) would undermine the merits of the Eastern District of Texas case. Further, plaintiff contends that it was not forewarned by this court of a dismissal on the merits and it argues that dismissal on the merits would be a harsh sanction under the circumstances.  Therefore, plaintiff requests the court to deny dismissal and order the matter be re-submitted to arbitration.

Defendant, in reply, contends that while plaintiff claims that it is ready, willing and able to proceed with arbitration, its actions since 2018 prove otherwise. It points out that plaintiff not only failed to arbitrate as ordered by this court, it also failed to arbitrate when ordered by a Texas state court in 2018.[5]  The 2018 arbitration, defendant represents, was dismissed by the American Arbitration Association on November 28, 2018, because of plaintiff's failure to proceed. Defendant asserts that plaintiff has had ample opportunity to arbitrate its claims against defendant, but it has refused to do so.  Defendant contends that neither plaintiff's bankruptcy nor its assignment of claims to Insight excuses plaintiff's

---

[3] Insight filed its Eastern District of Texas action against plaintiff and defendant on July 26, 2018. The action was stayed due to plaintiff's bankruptcy.  The stay was lifted earlier this year.

[4] Defendant moved to compel arbitration of Insight's claims, which was denied by the Texas federal court.

[5] On July 2, 2018, plaintiff filed a lawsuit against defendant, United Excel Corporation, in a Texas state court, alleging a breach of contract claim.  Upon motion of defendant, the Texas state court entered an order abating the lawsuit and compelling plaintiff to submit its claims to arbitration. The order was entered on July 31, 2018 and plaintiff initiated the arbitration proceeding on August 15, 2018.

failure to arbitrate. Defendant represents that the bankruptcy court lifted the stay to allow the arbitration ordered by this court to proceed, and it asserts that either plaintiff or Insight, its assignee, or both, could have participated in the arbitration proceeding. Additionally, defendant contends that a dismissal of this action would not result in any collateral estoppel or claim preclusion issue for the Eastern District of Texas case because that court has ruled that Insight is not seeking to derive any benefit of the contract between plaintiff and defendant, but rather, the company is pursuing its own claims against defendant.[6] Defendant maintains that it has been prejudiced by the unreasonable delay of a resolution of plaintiff's claims against it and the expense it has been forced to incur in defending the claims asserted by both plaintiff and Insight. It asserts that plaintiff has interfered with the judicial process, pointing out that had plaintiff participated in the first arbitration proceeding, it is doubtful the parties would be before this court. Defendant contends that plaintiff is culpable because it has refused to participate in any ordered arbitration and has failed to explain why its assignee, Insight, sat on the Miller Act claims until shortly before plaintiff's response to defendant's dismissal motion was due. Also, defendant asserts that plaintiff should have known that dismissal was a possibility given that its state court action was dismissed for lack of prosecution after failing to participate in arbitration. Defendant further points out that an absence of notice of the possibility of dismissal does not necessarily invalidate a dismissal with prejudice.

---

[6] The record reflects that the contract between defendant and plaintiff required plaintiff to provide a Temporary Phasing Facility ("TSP"). Plaintiff leased the TSP from Insight, agreeing to make monthly payments for its use. Plaintiff then subleased the TSP to defendant. A dispute between plaintiff and defendant arose regarding plaintiff's performance under the contract. Defendant paid plaintiff some money but withheld the full amount due. Plaintiff did not make the monthly payments due under the lease agreement with Insight. Prior to filing suit, Insight filed a direct claim with defendant seeking the monthly payments for the TSP. Insight then filed the Eastern District of Texas action asserting claims against defendant for the use, enjoyment and conversion of the TSP.

Finally, defendant argues that lesser sanctions would only reward plaintiff for its refusal to abide by previous court orders and that a dismissal with prejudice would serve the interests of justice by deterring dilatory behavior.

Federal Rule of Civil Procedure 41(b) authorizes the involuntary dismissal of a civil action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Before involuntarily dismissing a civil action with prejudice, the court must evaluate the following factors: (1) "the degree of actual prejudice to the [other party];" (2) "the amount of interference with the judicial process;" (3) "the culpability of the litigant;" (4) "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance;" and (5) "the efficacy of lesser sanctions." Gripe v. City of Enid, Okl., 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting Ehrenhaus v. Reynolds, 965 F.2d 916, 918 (10th Cir. 1992)).

Upon evaluation of the relevant factors, the court finds that, at this time, involuntary dismissal with prejudice is not appropriate. The record does not reflect actual prejudice to defendant for plaintiff's failure to arbitrate the dispute as ordered by this court. Although defendant paid $6,200 to initiate the arbitration proceedings, there is no indication in the record as to why defendant initiated those proceedings instead of plaintiff. The court recognizes that plaintiff had previously initiated an arbitration proceeding in August of 2018 against defendant upon order of the state court, which was later closed without resolution. However, there is no showing that defendant requested plaintiff to initiate the arbitration proceeding ordered by this court and it refused. There is no showing by defendant that plaintiff's failure to arbitrate has resulted in any lost evidence or witnesses for defendant or has resulted in any inability of defendant to defend itself from plaintiff's claims in this action. In addition, the court finds no real interference with the judicial process of this case. This case has been administratively closed since the court's order. The order was

entered early in the proceedings and plaintiff did not oppose defendant's motion. As to culpability factor, the court is not satisfied that plaintiff's failure to arbitrate as ordered by this court was caused by any wrongful conduct of plaintiff. The record reflects that plaintiff assigned its claims to Insight and that assignment was approved by the bankruptcy court shortly after defendant filed its motion to compel arbitration. Defendant was aware of plaintiff's assignment of claims to Insight and the bankruptcy court's approval of that assignment.[7] Those claims have recently been reassigned to plaintiff, since it appears that Insight declined to pursue those claims and defendant now seeks to dismiss them. Further, the court did not warn plaintiff in advance of defendant's motion that dismissal of the action with prejudice could be a likely sanction for noncompliance with the court's order.

As to efficacy of lesser sanctions, the court takes plaintiff at its word. It represents that it is ready, willing and able to proceed with the arbitration proceeding. The court concludes that plaintiff should be required to initiate the arbitration proceeding with defendant and do so within 30 days. If plaintiff fails to initiate the arbitration proceeding or fails to proceed with the arbitration proceeding to resolution after initiated, defendant may refile its motion to dismiss. Plaintiff is advised that failure to initiate the arbitration within 30 days, or failure to proceed with the arbitration proceeding to resolution, after initiated may result in the dismissal of this action with prejudice.[8]

Accordingly, Defendant United Excel Corporation's Motion to Dismiss, filed August 13, 2020 (doc. no. 8), is **DENIED** without prejudice to refiling. In

---

[7] The record reflects that earlier this year, the court in the Eastern District of Texas concluded that Insight had no obligation to defend plaintiff or assert counterclaims against defendant in the arbitration proceeding it initiated.

[8] As a remedial matter, if plaintiff fails to proceed as contemplated by this order, the court will entertain a motion, premised on the court's inherent power to rectify litigation abuse, seeking recovery of arbitration-related expenses from plaintiff.

accordance with the April 24, 2019 order, the parties are **ORDERED** to submit their dispute to arbitration as required under Section 25 of the Contract for Labor and Material dated April 3, 2017.  Plaintiff is **ORDERED** to initiate the arbitration proceeding within 30 days of the date of this order.  Failure of plaintiff to initiate the arbitration proceeding within 30 days, or failure of plaintiff to proceed with the arbitration proceeding to resolution after initiated, may result in the dismissal of this action with prejudice, with or without consideration of remedial measures as set forth in note 8, above.

The above-entitled action shall remain **STAYED**, and for statistical purposes, **ADMINISTRATIVELY CLOSED** pending completion of the arbitration proceeding.  The parties shall notify the court, in writing, within 30 days of the resolution of the arbitration proceeding so that the court may take such further action as may be necessary.

IT IS SO ORDERED this 15th day of September, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0204p002.docx

7